## CIRCUIT COURT OF FAIRFAX COUNTY

Smith

v.

Leary

September 1, 1982

Case No. (Law) 57455

By JUDGE QUINLAN H. HANCOCK

The Plaintiff relies upon the alleged act of malpractice as being either negligent performance of the sterilization procedure, or the hysterosalpingogram and/or negligent medical advice given to the Plaintiff regarding the results of the test or a combination of these factors.

The Defendant allegedly performed a sterilization operation on the Plaintiff on March 28th, 1978. She thereafter became pregnant and had an abortion on June 7, 1979, and the Defendant advised the Plaintiff of her test results either on July 27, 1979, or in early August, 1979. The Plaintiff had a pregnancy test on December 29, 1979, and another abortion on January 4, 1980.

The case of *Hawks* v. *DeHart*, 206 Va. 810, 146 S.E.2d 187 (1966), holds that the statute of limitations on a personal injury claim begins to run when the wrong is committed and not when the Plaintiff discovers the injury.

The case of *Locke* v. *Johns-Manville Corp.*, 221 Va. 951, 275 S.E.2d 900 (1981), holds that the two-year statute of limitations for personal injury actions is deemed to accrue and the period begins to run from the date the injury is sustained.

The hurt, the harm, the injury (if any) to the Plaintiff had to occur on December 29, 1979 (the date of the pregnancy test) and/or on January 4, 1980 (the date of the abortion). The Court concludes that the accrual point

28 

is when damage occurred to the Plaintiff and therefor overrules the Plea in Bar.